LEMMON, Judge
(dissenting).
The broker argues that it is entitled to the commission in accordance with the first paragraph of the following contract provisions :
“If this offer is accepted, seller agrees to pay the agent’s commission of 6% which commission is earned by agent when this agreement is signed by both parties and when the mortgage loan, if any, has been secured.
“Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent’s commission and all reasonable attorney’s fees and costs incurred by the other party, and/or agent in enforcing their respective rights.”
The broker contends that the commission became payable by the seller when the financing condition in this case was fulfilled by a subsequent agreement involving an assumption, and that its entitlement to the commission was not defeated by the subsequent fortuitous event which aborted the sale.
In my opinion the purpose of the first paragraph is to prevent the buyer and seller *233 from mutually agreeing to cancel the agreement, to the prejudice of the broker’s commission. Because of the provision, the seller is bound (once the suspensive condition is fulfilled) to pay the commission if the parties cancel the sale.
This paragraph cannot fairly be construed to define the point in time that the commission is payable. The overall contract contemplates that the commission is payable at the act of sale, if. the sale is completed, or at the time of breach, if the sale is not completed.[1] The paragraph should be construed, rather, as stating what conditions must be fulfilled for the seller to be liable if the sale is not completed because of agreement between the buyer and seller to cancel.
If, on the other hand, the sale is not completed because either the buyer or seller breaches the contract, the second paragraph imposes liability on the party “who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted
Therefore, the first paragraph applies if the sale is completed or if the sale is can-celled by mutual agreement. Neither circumstance occurred in this case.
The second paragraph applies if the sale is not completed because either the buyer or seller fails to comply with his contractual obligation. Here, the seller did not fail to comply with her obligation to sell, but was ready and willing to do so. And the buyer, who did fail to comply with her obligation to buy, did so under the legal authority of C.C. art. 2471, which gave her the “choice either to take it in the state in which it is, or to dissolve the contract.
Under these circumstances neither the buyer nor the seller was obliged to pay the commission on account of failure to comply with the terms of the contract.

. Thus, in actual real estate practice, a broker never transfers the amount of the commission from the' escrow account immediately upon acceptance and fulfillment of the financing condition.